Ella BERGER, on behalf of herself and other stockholders of Tung-Sol Electric, Inc., Plaintiff,

v.

PUROLATOR PRODUCTS, INC., James C. Brady, James D. Abeles, H. Joseph Markert, Nicholas F. Brady, Henry J. Brock, John W. Hanes, Simon Letzler, Clarence E. Searle, and Boylston A. Tompkins, Defendants.

Herman LUBINSKY, Plaintiff,

v.

PUROLATOR PRODUCTS, INC., Defendant.

Nos. 63 Civ. 3305, 64 Civ. 331.

United States District Court
S. D. New York.

Nov. 1, 1966.

Edward M. Sills, New York City, for plaintiffs; Reavis & McGrath, Frederick R. Adler, Carl E. Kaplan, Stephen R. Steinberg, New York City, of counsel.

Willkie, Farr, Gallagher, Walton & FitzGibbon, New York City, for defendants; William T. Sullivan, Anthony F. Phillips, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge:

██ This is a motion by plaintiffs, in which defendants join, for "directions" regarding a proposed compromise of this consolidated action. The issue to be determined by the court is whether the consolidated action is maintainable as a class action under new Rule 23 of the Federal Rules of Civil Procedure, effective July 1, 1966. If it is not so maintainable, the compromise does not require approval by the court. Rule 23(e), F.R.C.P.

Both of the actions which have been consolidated were commenced in November, 1963; the *Berger* action in this court and the *Lubinsky* action in the District of New Jersey. The *Lubinsky* action was transferred to this court and both actions were thereafter consolidated by stipulation of the parties.

The complaints in both actions allege violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and common law fraud. They are brought on behalf of the named plaintiffs and "all other persons similarly situated." The acts complained of relate to a proposed merger in 1963 of Tung-Sol, Inc. (Tung-Sol) into Purolator Products, Inc. (Purolator). The merger negotiations were terminated in early August 1963 and announcement was made by Tung-Sol of the termination on August 5, 1963. On the same date defendant Abeles, Purolator's president, in response to a reporter's inquiry as to what Purolator would do with the Tung-Sol shares it had previously purchased, answered, in substance, that Purolator had not decided what to do with these shares. The price of Tung-Sol stock dropped immediately after announcement of the termination of the merger and during August continued

to trade at prices lower than those prior to the announcement. On the day following Abeles' statement, Purolator began making purchases of Tung-Sol stock and on September 4, 1963, made a tender offer for additional shares.

Allegedly relying upon Abeles' statement of August 5, 1963, Berger sold 500 shares and Lubinsky sold 550 shares of Tung-Sol stock on August 6, 1963. These transactions are alleged to have caused losses for which plaintiffs seek recovery.

Plaintiffs and defendants, after analyzing the facts as developed during plaintiffs' pre-trial discovery in 1964 and 1965, have agreed to a settlement of the litigation and the dismissal of the action with prejudice to Berger and Lubinsky, but without prejudice to any other person.

Since both complaints allege that these are class actions, and are so styled, plaintiffs have sought the "directions" of this court in connection with the proposed compromise pursuant to Rule 23(e).

■ Assuming arguendo, that there are persons other than the two named plaintiffs who were "similarly situated" and constitute a class, the fact that the complaints allege that they are brought on behalf of such a class is not dispositive of whether the action is maintainable as a class action under Rule 23. Rule 23(c) (1) provides that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it should be so maintained." Since this is the first time the parties have come before the court since the effective date of new Rule 23, it is appropriate for the court to make such a determination upon this motion.

Rules 23(a) and 23(b) set forth standards which must be met if an action is to be maintained as a class action. Those in Rule 23(a) are similar to what was contained in the old Rule 23(a), and I will assume that the present complaints meet the standards of that rule.

However, Rule 23(b) is new to the statutory scheme. Even if Rule 23(a) is satisfied, an action may be maintained as a class action only if it also meets one of the three tests found in Rule 23(b).

Subdivision (1) of Rule 23(b) concerns the risks that inconsistent or varying adjudications respecting individual members of the class would establish incompatible standards of conduct for the party opposing the class and that adjudications with respect to individual members of the class would be dispositive of the interests of persons not parties. Subdivision (2) relates to the effect of injunctive or declaratory relief. Neither subdivision is applicable to the actions before the court.

Thus, if these actions are to be maintainable as class actions, they must meet the test of subparagraph (3) of Rule 23(b). To satisfy that test the court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, *and* that a class action is superior to other available methods for the fair and effective adjudication of the controversy." (Emphasis added.)

In the first place it is clear that a class action is not "superior to other available methods" for the proper adjudication of the controversy involved here. The four matters set forth in Rule 23(b) (3) "as pertinent to the findings" of the court on this question [1]

---

1. These factors include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

do not indicate that a class action is the "superior" method here. No problems of diverse litigation in several forums are presented. On the contrary, counsel for the plaintiffs has advised the court that despite the pendency of this litigation for almost three years, they have received no communication or inquiries from any other shareholder of Tung-Sol or any attorney representing such person claiming any loss as a result of the transactions attacked or expressing any interest in the litigation.

■ The other prerequisite set forth in Rule 23(b) (3)—that questions of law or fact common to members of the class predominate over questions affecting only individual members—is not met in the present case either. Reliance by each person claiming to be a member of the class must be proven in both common law fraud actions and Section 10(b) actions. List v. Fashion Park, Inc. et al., 340 F.2d 457 (2 Cir. 1965), cert. den., 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1966). Thus, each claim would turn on whether the particular member of the class actually relied upon Abeles' statement of August 5, 1963, and whether such reliance was reasonable under the special circumstances surrounding the acts of each plaintiff. The Advisory Committee to the Judicial Conference in its Notes on the new Rule 23 recognized that this type of action might not be appropriate for a class action. The Committee stated at p. 35 that "although having some common core, *a fraud case may be unsuited for treatment as a class action* if there was material variation in the representations made *or in the kinds or degrees of reliance by the persons to whom they were addressed.*" (Emphasis added.)

■

In light of the total lack of interest in these actions by others who might be members of the class and because each member would have to prove reliance on Abeles' statement of August 5, 1963, I conclude that the questions of law or fact which may be common to the members of the class do not predominate over questions affecting only individual members. Rule 23(b) (3), F.R.C.P.

■ Since none of the requirements of the three subsections of Rule 23(b) have been met, this action is not now maintainable as a class action and approval by the court of the proposed compromise is not required. Rule 23(e). However, since the parties have requested that the court give directions with respect to the disposition of the actions, I direct that:

(1) The title of the action is amended by striking therefrom the words indicating that it is brought on behalf of others than the named plaintiffs;

(2) The allegations in both complaints denominating the actions as class actions are stricken from the complaints;

(3) The actions may be settled and compromised and the actions dismissed with prejudice as to the two individual plaintiffs;

(4) The attorneys for the parties shall execute and file with the Clerk of this Court a stipulation discontinuing the actions with prejudice as to the two individual plaintiffs, but without prejudice to the rights of any person who may subsequently claim and be determined by a court to have been a member of the class on whose behalf these actions were commenced.

It is so ordered.