Frank E. BERMAN et al.,

v.

NARRAGANSETT RACING ASSOCIATION, Inc.

Frank E. BERMAN et al.,

v.

BURRILLVILLE RACING ASSOCIATION, Inc.

Civ. A. Nos. 3913, 3914.

United States District Court
D. Rhode Island.

Oct. 31, 1969.

J. Fleet Cowden, Boston, Mass., Frank E. Berman, Boston, Mass., Jeremiah Gorin, Providence, R. I., for plaintiffs.

Stephen F. Achille, Providence, R. I., for Narragansett Racing Ass'n., Inc.

William A. Curran, Providence, R. I., for Burrillville Racing Ass'n., Inc.

## OPINION

PETTINE, District Judge.

This is a class action commenced by the plaintiffs in March of 1968. The relevant facts are set out in the previous decision of this court, Berman v. Narragansett Racing Ass'n, Inc., 293 F.Supp. 1258 (D.R.I. 1968) and clarified in the decision of the First Circuit in this case. Berman et al. v. Narragansett Racing Ass'n, Inc., et al., 414 F.2d 311 (1st Cir. 1969). The defendants moved to dismiss this action on four separate grounds and to strike certain allegations in the complaint on April 29, 1968. After a hearing on the motion, the court dismissed the action on jurisdictional grounds on October 24, 1968. The First Circuit reversed on July 31, 1969, and the case is now here on several questions yet to be resolved.

Defendants' motions to dismiss on the three remaining grounds are still to be resolved, as well as defendants' motions to strike. Moreover, plaintiffs have asked the court to issue notice and to grant temporary restraining relief. Defendants argue that plaintiffs' request for an order of notice is premature and that plaintiffs' request for injunctive relief must be denied as a matter of law.

## MOTIONS TO DISMISS

The defendants have withdrawn that portion of their motions to dismiss which seeks dismissal for failure of plaintiffs to join an indispensable party. That ground is therefore disposed of and will not be discussed.

■ The defendants have moved to dismiss for failure to state a claim upon which relief can be granted. However, as the First Circuit has made clear "* * * the gravamen of the complaint is that for over three decades the defendants had failed to pay to the plaintiff pursewinners certain monies alleged to be theirs under annual purse agreements, and that this fact had been fraudulently concealed from them by the defendants." The First Circuit decision suggests, and this Court now holds, that a valid claim for breach of contract has been stated by plaintiffs.

■ The defendants argue that the decision of the First Circuit does not foreclose this Court from now considering the issue of the maintainability of this class action. The defendants argue further that the record is presently in-

sufficient to determine the maintainability of this class action. While the Court agrees that the issue of maintainability is still technically open to it, at least as regards grounds of maintainability other than those discussed by the New Hampshire court and by the First Circuit, the Court is persuaded by the decision of the First Circuit that this is indeed a maintainable class action. No further evidence is needed to reach this holding. The Court will discuss the maintainability and definitional facets of this class action in more detail when it reaches the questions of class action administration.

### MOTION TO STRIKE

Plaintiffs have agreed to strike that portion of paragraph 9 beginning on the second line with the words "One David Alexander" and ending on the tenth line with the words " 'the race tracks.' " Otherwise, the Court is of the opinion that the defendants' motions to strike are incorrect and that the complaint well pleads a claim for breach of contract.

### PRELIMINARY INJUNCTION

■■ Plaintiffs have requested that an order of this court issue requiring the defendants to show cause why the court should not set aside in a separate fund monies of the defendants, should damages ultimately be recovered. Defendants argue that this request should be denied as a matter of law. The issuance of equity relief is a matter of discretion. In this case, the court's discretion is informed that the plaintiffs really are seeking to have set aside in advance of judgment certain of the defendants' assets as a protection against possible insolvency by the defendants. However, plaintiffs have failed to show and have not requested to be allowed to show any insolvency on the part of defendants. In these circumstances, moreover, it is none too difficult for the court to state that there is indeed an adequate remedy at law, namely, the plaintiff's claim for damages for breach of contract. The court, moreover, notices that plaintiffs have seen fit to attach property of the defendants equal in value to the damages here claimed. The request for preliminary restraining and sequestration relief is denied without prejudice to renewal should plaintiffs wish to request a hearing on the question of protecting their possible recovery from possible insolvency on defendants' part.

### ADMINISTRATION OF THE CLASS ACTION

■■ For a class action to be maintained, there must be satisfaction of all the elements of section (a) of Rule 23 and of at least one of the three (b) sections of Rule 23. Moreover, the current practice is to determine maintainability of the class and to identify and structure the class at the earliest pragmatically wise moment. See Rule 23(c) (1). No sensible argument can seriously be made that that moment is not now upon us in this class action. The court's awareness of the nature of this action, the extensive passing of time since this action has been commenced, the steady and detailed motion practice regarding this case, and the fact of and substance of the decision of the First Circuit all suggest that now is the moment. Contrary to defendants' contentions, there is no need for a preliminary evidentiary hearing to determine maintainability.

Fed.R.Civ.P. 23(a) states in pertinent part:

> "One or more members of a class may sue * * * as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

In the instant case it is clear that the class includes at least 5,000 members and cannot be pursued in any practical sense by joinder devices. Clearly, moreover, the predominating question of both fact and law in this suit is the common one of whether the defendants' consensual arrangement with the plaintiffs includes a promise to pay 44.7% of the track's shares of the breakage money. Indeed, save the problem of distribution, hereinafter to be discussed, commonness of law and fact abounds. The particular claims of the three class plaintiffs are certainly typical of the class. Indeed, in the light of the decision of the Circuit Court it can almost be said that the claims of all the class members are identical on the issue of contractual liability. Finally, no serious argument can now be made that the plaintiffs' representation will be unfair or inadequate. The decision of the First Circuit is a bar to any other conclusion and its holding regarding the problem of antagonism is well taken. In sum, the requisites of Rule 23(a) are met.

Turning to the problem of characterization of the class, it must be concluded, in light of the decision of the First Circuit, that this is a (b) (1) class action under either subsection (A) or subsection (B) thereof.

Fed.R.Civ.P. 23(b) (1) (A) (B) states in pertinent part:

"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) The prosecution of separate actions by * * * individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; * * *."

Given the decision of the Circuit Court, it would indeed be possible for individual claimants bringing separate suits to establish diametrically opposed standards of action for the defendants: one suit might well order a payment of damages and another might well forbid it. Assuming even that the separate actions sought only individual damages, it would be possible for the funds recovered to be distributed differently out of the main fund depending on the distribution formula established in each case. The action therefore clearly qualifies under subsection (b) (1) (A).

Likewise, if an individual action established the defendants' liability on the contract as a practical matter it would either dispose of other claims, assuming future courts were persuaded by it, or it would impair other claims, assuming future courts differed with it on the issue of distribution. The action is therefore maintainable under subsection (b) (1) (B).

Some consideration has been given to maintaining this as a (b) (3) class action. However, when there is a choice between (b) (1) and (b) (3) class action it is settled that "* * * the court should order that the suit be maintained as a class action under (b) (1) * * *, rather than under (b) (3) * * *." Van Gemert v. Boeing Co., 259 F.Supp. 125 (S.D.N.Y. 1966); 3B Moore's Federal Practice, ¶ 2331[3] at pp. 23–526–27 (1969). Accordingly, this suit is ordered to be maintained as a Rule 23(b) (1) class action.

It goes without saying that characterization of this action as a (b) (1) class action brings it within section (c) (3) so that the class described by

the court in its order of maintainability will be bound as *res judicata,* whatever may be the result of the litigation.

■ The method of notice in a (b) (1) class action is discretionary with the court, subject to constitutional requirements of due process. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Compare Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2nd Cir. 1968) with Northern Natural Gas Co. v. Grounds, 292 F.Supp. 619 (D.Kansas 1968). The court may inform itself as to the most appropriate method of notice by reference to other sections of the Rule, see Rule 23(c) (2), case law, advice of the parties, and any other available and helpful source. In the instant case, the plaintiffs have submitted a draft order of notice, have agreed to assume the costs of notice, at least for the moment, and have offered to administer notice. Defendants on the other hand, claim that an order of notice is premature and should await a hearing on the issue of probable success on the merits. See Herbst v. Able, 45 F.R.D. 451 at 454 (S.D.N.Y.1968). Defendants further contend that, if notice issues, it should be carefully scrutinized by the court and should require members of the plaintiff class to make some minimum affirmative response. See Philadelphia Elec. Co. v. Anaconda American Brass Co., 43 F.R.D. 452 (S.D.Pa.1968).

■ First, an order of notice is not premature. The decision of the Circuit Court makes it abundantly clear that sufficient facts are known to go forward with this class litigation. Discussion with counsel and a reading of the briefs confirms the fact that notice can now be given in more than adequate fashion, for it had been submitted by plaintiffs and not contradicted by defendants that discovery of racetrack records will lead plaintiffs to sufficient data to prepare mailing lists for individual notice.

■ Second, it is not necessary in the circumstances of this class action, after an appellate decision on a jurisdictional question, and where the class is maintained as a (b) (1) class with clearly adequate representation, and where the court has ruled that plaintiffs have a claim upon which relief can be granted, to hold a hearing, prior to the issuance of notice, to determine the probability of success on the merits. That mechanism may well be necessary where there is a possible frivolous claim involving huge numbers of parties, but it is not necessary here.

■ Third, supervision of this class action will be under the control of the court and with the assistance of counsel. The court will consider the submissions of counsel as to the form of notice, the method of administering notice and the issuance of any other orders to the class. It will be the inflexible rule of this court in this case that all mailings to or publications to the class will be on the stationery or under the name of the United States District Court for the District of Rhode Island. At the same time, however, the Court agrees that it is proper for plaintiffs in this action to bear, at least initially, the costs of notice to the class. Of course, plaintiffs are in no sense barred from attempting reimbursement of these costs, in accordance with applicable rules of law, at some later juncture.

■ Fourth, the Court does not agree that some minimum affirmative response is required of those who will be bound by this judgment. Such a requirement is tedious, is not necessitated by the rule, and unlike Philadelphia Elec. Co. v. Anaconda American Brass Co., 43 F.R.D. 452 at 459 (S.D.Pa.1968) will not now expedite or clarify this action.

Finally, subject to some minimal supervisory modifications the Court accepts the proposed plan of notice offered by the plaintiffs' counsel: publication for the entire class by a reasonably prominent notice in national media, i. e., The Morning Telegraph, The Daily Rac-

ing Form and The Wall Street Journal, coupled with individual notices by regular mail, with a "Please Forward" request, to all those members of the class whom the plaintiffs can, with the assistance of the defendants, identify from track records.

In accordance with this opinion, the Court will enter (1) an order denying the motions to dismiss, the motions to strike, and the request for restraining relief; (2) an order stating the maintainability of this class action as a Rule 23(b) (1) type and defining the class as such; and (3) an order of notice and instruction for administering the order of notice.

## MATTERS OUTSIDE PENDING MOTIONS

The Court wishes to be informed by counsel as to a schedule for discovery, other pre-trial matters, and the closing of the pleadings.

The Court notes that Fed.R.Civ.P. 23(c) (1) permits alteration of a class prior to the decision on the merits; that Fed.R.Civ.P. 23(c) (4) permits maintenance of a class action on particular issues; and that Fed.R.Civ.P. 23(d) (2) permits notices in addition to the original notice to the class. In the instant matter, the Court believes it has the freedom to, and is giving thought to, issuing a second notice after trial, on the issue of distribution, should the plaintiff be successful as to the issue of liability to the class. The Court is prompted to this course of action because it believes that differing formulas for distribution could well be sought by differing subclasses of this class of plaintiffs. While it is true, as the Circuit Court stated, that all members of the class will benefit, if plaintiffs benefit, on the issue of liability, it does not necessarily follow that class unity will continue thereafter. For the moment, however, to introduce this possible subclassification into the action as a formal matter would be both burdensome and misleading. Counsels' thoughts on this matter would be appreciated.

## ORDER

The court has considered the extensive briefs submitted by the parties with respect to the remaining motions to dismiss by the defendant, the motion to strike by the defendant, the plaintiffs' motions for preliminary injunctive relief, and the parties' various requests concerning the administration of this class action. In accordance with its decision of October 31, 1969, the court enters the following orders.

1. The defendant's motion to dismiss for failure to join an indispensable party is withdrawn.

2. The defendant's motions to dismiss for failure to state a claim upon which relief can be granted and for failure to state a proper class action are denied.

3. The defendant's motion to strike certain allegations of the complaint is denied, except in so far as the plaintiffs have agreed to strike certain language of the complaint.

4. The plaintiffs' request for preliminary injunctive relief is denied without prejudice to renewal should plaintiff seek a hearing to prove possible insolvency of defendant.

5. Pursuant to Fed.R.Civ.P. 23(a) and 23(b) (1) (A) and (B), this action is ordered to be maintained as a class action. The class is defined as all licensed owners of registered thoroughbred horses which in any one or more calendar years from 1934 to the present are, or have been, entered for purse racing and have won purses at "Lincoln Downs" [or "Narragansett"], their heirs, executors, administrators, or assigns.

6. Pursuant to Fed.R.Civ.P. 23(d) (2) notice will be given by publication in a reasonably prominent way, at times reasonably calculated to draw the attention of the above-defined class, in na-

tional media such as The Wall Street Journal, The Morning Telegram, and The Daily Racing Form, in the form of the attached Notice of Pendency of Class Action. Publication notice will be under the name of the United States District Court, District of Rhode Island, and will be commenced as soon as possible. Nowhere in said publication notice is there to appear the names or addresses of counsel for the plaintiffs. Plaintiffs' counsel will advise the court prior to publication of the costs of said publication notice, and of the proposed schedule of publication notice. Additionally, notice will be given individually to whatever members of the class plaintiffs and defendant can determine by a joint exploration of the defendant's records. Individual notice will be in the form of the attached Notice of Pendency of Class Action, will be under the name of the United States District Court, District of Rhode Island, and will be the sole enclosure in envelopes bearing a return address of Office of the Clerk, United States District Court, District of Rhode Island. Mailing will be by regular mail with a "Please Forward" request. Nowhere in said individual notice is there to appear the names or addresses of counsel for the plaintiffs. The joint preparation of the mailing list for individual notice is to be commenced immediately. Counsel will present a copy of the completed mailing list, and a sample of an individual notice and envelope to the court prior to mailing of the notices. Plaintiffs' counsel will advise the court of the costs of said individual notice.

## APPENDIX A

### NOTICE OF PENDENCY OF CLASS ACTION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, PLEASE TAKE NOTICE:

(a) FRANK E. BERMAN, ROSE R. BERMAN, and MURIEL WINSTON, citizens of the Commonwealth of Massachusetts, plaintiffs abovenamed, have brought an action in this Court against BURRILLVILLE RACING ASSOCIATION, INC., defendant above named, which operates the race track known as "Lincoln Downs" alleging that the defendant violated its annual purse agreements with Lincoln Downs pursewinners, by excluding "breakage" from the defendant's statutory share of the parimutuel handle (total wagers placed) before applying the prescribed purse agreement percentages (most recently 44.7% to determine total pursewinnings, and have demanded judgment in the sum of $4,996,053.98 and an injunction against future violation of purse agreements.

(b) The plaintiffs allege that they brought their action not only on behalf of themselves, but also on behalf of others similarly situated, to wit: All licensed owners of registered thoroughbred horses which in any one or more calendar years from 1934 to the present are, or have been, entered for purse racing *and have won purses* (viz., pursewinners) at "Lincoln Downs", their heirs, executors, administrators, or assigns.

(c) Any member of said described class will be bound by the judgment entered by the Court, whether favorable to the plaintiffs or to the defendant.

(d) The present posture of the action is that on October 31, 1969, after remand from the United States Court of Appeals for the First Circuit, this Court overruled the defendant's motion to dismiss this action, and directed that the action proceed as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure as a 23(b) (1) class action.

(e) Any member of said described class may intervene and present claims, or may otherwise come into the action. If any member of said class desires, he may enter an appearance through counsel of his own choosing. If any member

does not enter such an appearance, his interests in this action will of necessity be represented by counsel for the above-named plaintiffs.

(f) The Court expresses no opinion as to the merits of this action.

### APPENDIX B

### NOTICE OF PENDENCY OF CLASS ACTION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, PLEASE TAKE NOTICE:

(a) FRANK E. BERMAN, ROSE R. BERMAN, and MURIEL WINSTON, citizens of the Commonwealth of Massachusetts, plaintiffs above-named, have brought an action in this Court against NARRAGANSETT RACING ASSOCIATION, INC., defendant above named, which operates the race track known as "Narragansett" alleging that the defendant violated its annual purse agreements with Narragansett pursewinners, by excluding "breakage" from the defendant's statutory share of the pari-mutuel handle (total wagers placed) before applying the prescribed purse agreement percentages (most recently 44.7%) to determine total pursewinnings, and have demanded judgment in the sum of $3,690,508.07 and an injunction against future violation of purse agreements.

(b) The plaintiffs allege that they brought their action not only on behalf of themselves, but also on behalf of others similarly situated, to wit: All licensed owners of registered thoroughbred horses which in any one or more calendar years from 1934 to the present are, or have been, entered for purse racing *and have won purses* (viz., pursewinners) at "Narragansett", their heirs, executors, administrators, or assigns.

(c) Any member of said described class will be bound by the judgment entered by the Court, whether favorable to the plaintiffs or to the defendant.

(d) The present posture of the action is that on October 31, 1969, after re-

mand from the United States Court of Appeals for the First Circuit, this Court overruled the defendant's motion to dismiss this action, and directed that the action proceed as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure as a 23(b) (1) class action.

(e) Any member of said described class may intervene and present claims, or may otherwise come into the action. If any member of said class desires, he may enter an appearance through counsel of his own choosing. If any member does not enter such an appearance, his interests in this action will of necessity be represented by counsel for the above-named plaintiffs.

(f) The Court expresses no opinion as to the merits of this action.