Sylvester BARRETT and Gloria A. Williams, Plaintiffs,

v.

UNITED STATES CIVIL SERVICE COMMISSION et al., Defendants.

Civ. A. No. 74–1694.

United States District Court, District of Columbia.

Oct. 14, 1977.

Melvyn R. Leventhal, Jack Greenberg, Bill Lane Lee, New York City, Gabrielle Kirk McDonald, Houston, Tex., David R. Cashdan, Washington, D. C., for plaintiffs.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Tobey W. Kaczensky, Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

■ This case involves the issue of whether the statute of limitations for filing a discrimination complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, is tolled by the filing of a complaint by one member of the class, in favor of members excluded from the class upon decertification.

The facts are as follows: On February 25, 1974, Gloria Williams, a black female employee at the Johnson Space Center, filed an administrative complaint alleging both racial and sexual discrimination. On November 20, 1974, she and Sylvester Barrett, a black male employee at the Center, filed a complaint in this Court alleging discrimination in their employment on the basis of race and sex. This Court conditionally certified the action on December 10, 1975, as a class action on behalf "of all blacks and females presently employed at the Johnson Space Center." However, upon plaintiffs' discovery that a conflict may exist in the certified class, this Court modified the class to include only "all incumbent black employees." Thus, notice must be given to all present female employees who allege claims of sex-based discrimination that these claims are no longer being advanced in this litigation.

The issue before this Court is the effect of the decertification of the class on the running of the statute of limitations. According to 5 C.F.R. § 713.214(a)(i), an employee must file an administrative complaint within 30 days of the alleged unlawful act. Plaintiffs argue that the filing of the administrative class complaint tolls the running of the statute of limitations for all purported members of the class. Defendants contend that the class was only certified "conditionally" and, therefore, that the administrative complaint did not toll the statute for employees who are not now members of the class—even if the class was initially certified to include them. The Court cannot agree with the defendants.

This Court finds the Supreme Court's discussion in American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), rather persuasive. There, former members of a class that was decertified attempted to intervene as plaintiffs in the antitrust suit that had since become an individual action. If the time of their motion to intervene was the determinative date, the statute of limitations would have barred their action. The Court, however, held that the "commencement of the original class action tolls the statute for all purported members of the class." Id. at 553, 94 S.Ct. at 766 (emphasis added). To hold that the statute was not tolled as to persons excluded from the class, the Court continued, would frustrate the principal function of a class suit because then each member would begin an individual action—precisely the multiplicity of activity which Fed.R.Civ.P. 23 was designed to avoid. Id. at 551, 94 S.Ct. 756, 765. In fact, the Court did not even require reliance upon the filing of the complaint for the tolling rule to apply:

[N]o different a standard should apply to those members of the class who did not rely upon the commencement of the class action (or who were even unaware that such a suit existed) and thus cannot claim that they refrained from bringing timely motions for individual intervention or joinder because of a belief that their interests would be represented in the class suit.

Id. Although American Pipe dealt with a judicial complaint as tolling the statute, the policy behind Rule 23 and the need to pro-

tect all "purported" class members even if they do not rely upon the class complaint are equally applicable to a Title VII case at the administrative level. *See United Airlines v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 2468 n.11, 53 L.Ed.2d 423 (1977) (by implication); *United States v. Georgia Power Company,* 474 F.2d 906, 925 (5th Cir. 1973); *Roberts v. Western Airlines,* 425 F.Supp. 416, 425 (N.D.Cal.1976).

Accordingly, it has been held that, in Title VII cases, the filing of an administrative class complaint with the Equal Employment Opportunity Commission by a *private sector* employee tolls the running of the statute of limitations. In *Equal Employment Opportunity Commission v. Detroit Edison Co.,* 515 F.2d 301, 315–16 (6th Cir. 1975), the Court held that the filing of an administrative complaint "tolled the statute of limitations of all members of the class he represented." The Supreme Court's recent insistence in *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), that federal employees be afforded the same rights under Title VII as are provided private sector employees requires this Court to apply the tolling rule of *Detroit Edison* to the present federal employment discrimination case.

The core of the defendants' contention in this case is that even if the statute is tolled as to the members of the class, the decertification indicates that the female employees were not "proper" members of the class and, therefore, the statute should not be tolled as to them. Courts have recognized that the tolling rule protects all persons who were asserted to be members of the class, even if they later were removed. *See, e. g., Haas v. Pittsburgh National Bank,* 526 F.2d 1083, 1098 (3d Cir. 1975). This seems reasonable because, otherwise, a purported member of a class would, in all cases, be compelled to protect his interests by filing an administrative complaint, since there is always the chance that at some later time he may be removed from the class. As a practical matter, this would result in forcing all unnamed class members to exhaust their administrative remedies, and to, perhaps, file suit in federal court to protect their rights. The Supreme Court has explicitly sought to avoid this result in Title VII class actions. *Albemarle Paper Company v. Moody,* 422 U.S. 405, 414 n.8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Therefore, this Court finds that the filing of the administrative complaint by Ms. Williams on February 25, 1974, tolled the limitations period for all purported members of the class.

■ Having decided the issue in this way, the Court must next determine how long after receipt of the notice of decertification the employees have in which to file new administrative complaints. Justice Powell, relying upon *American Pipe, supra,* answered this question in his dissent in *United Airlines, supra:*

> If class status is denied in whole or in part, the statute of limitations begins to run again as to class members excluded from the class. In order to protect their rights, such individuals must seek to intervene in the individual action (or possibly file an action of their own) before the time *remaining in the limitations period expires.*

432 U.S. at 402, 97 S.Ct. at 2474 (emphasis added). *See Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Co.,* 511 F.2d 1073 (10th Cir. 1975). Thus, the former class members will be permitted to file their administrative complaints within the following time periods after receipt of the decertification notice: (1) those members seeking relief for discriminatory acts that occurred prior to February 25, 1974, must file their complaint with the agency within the time remaining in the original 30-day limitations period (i. e. they must file within 30 days minus the number of days before February 25, 1974, that the discriminatory act occurred); (2) those members seeking relief for discriminatory acts that occurred between February 25, 1974, and the date of receipt of this notice must file their complaint with the

agency within 30 days of the receipt of this notice.*

An Order in accordance with the foregoing will be issued of even date herewith.

---

* One other issue raised by the parties is whether the decertified class members are entitled to object to the decertification, pursuant to Fed.R. Civ.P. 23(e). Rule 23(e) read as follows:

> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

This Court reads the rule to apply only when the case is "dismissed or compromised". Decertification of the class does not trigger the rule. See *Polakoff v. Delaware Steeplechase & Race Assoc.*, 264 F.Supp. 915 (D.Del.1966); *Berger v. Purolator Prods., Inc.*, 41 F.R.D. 542 (S.D.N.Y.1966); 7A C. Wright and A. Miller, Federal Practice and Procedure § 1797, at 235 (1970).