**Anna PENK, et al., Plaintiffs,**

v.

**OREGON STATE BOARD OF HIGHER EDUCATION, Defendant.**

**Civ. No. 80–436.**

United States District Court,
D. Oregon.

Sept. 28, 1982.

Don S. Willner, JoAnn G. Reynolds, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for plaintiffs.

David B. Frohnmayer, Atty. Gen., James J. Casby, Jr., Asst. Atty. Gen., Eugene, Or., for defendant.

OPINION AND ORDER

FRYE, District Judge:

I.

Defendant Oregon State Board of Higher Education (OSBHE) has moved this court to dismiss Joanne Amspoker as a named plaintiff in this case on the grounds that she intervened more than 90 days after receipt of her right-to-sue letter from the EEOC, and hence is barred by 42 U.S.C. § 2000e–5(f)(1) from bringing a private Title VII suit.

Before discussing the legal issues involved, a brief factual sketch is necessary. Joanne Amspoker filed a complaint with the Civil Rights Division of the Oregon Bureau of Labor and Industry and the EEOC on March 11, 1980. She received a

right-to-sue letter from the EEOC on or shortly after August 8, 1980, which informed her that the EEOC would not file a suit in her behalf and that she had 90 days within which to file her own suit. On April 23, 1980, the present class action lawsuit was filed, stating both Title VII and 42 U.S.C. § 1983 claims. At that time, no named plaintiff had received a right-to-sue letter from the EEOC, however. On October 31, 1980, plaintiffs filed an amended complaint alleging a Title VII cause of action. At this time several named plaintiffs had met the EEOC filing requirements and had received right-to-sue letters. This October 31, 1980 amended complaint requested class-wide relief and certification of the action as a class action.

Defendant argues that *Inda v. United Air Lines,* 565 F.2d 554 (9th Cir.1977), requires that any named plaintiff in a Title VII action must have met all EEOC filing requirements before she can bring suit. The plaintiffs argue that although it may be true that satisfaction of the EEOC requirements is necessary before a person can bring an individual action or an action on behalf of a class in the first instance, such satisfaction is not required when a class member seeks to join as a named plaintiff in a class action already filed by other named plaintiffs who have met the EEOC requirements. *See Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir.1968); *Vuyanich v. Republic National Bank of Dallas,* 505 F.Supp. 224 (N.D.Tex.1980).

This court believes *Inda, supra,* to be distinguishable in its facts and legal holding and not controlling as to the issue presented in this case. *Inda* rejected the argument that the filing of an *EEOC complaint* by another employee alleging discriminatory practices tolls the EEOC filing requirements for all other employees injured by

the same discriminatory practices. *Inda* did not reach the issue of whether the filing of a *class action lawsuit* by a plaintiff who has fulfilled the EEOC requirements may toll the EEOC requirements for other employee class members.[1]

In the recent case of *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the requirement of 42 U.S.C. § 2000e–5(e) that charges must be filed with the EEOC within 180 days of the alleged discriminatory practice was not a jurisdictional prerequisite to the bringing of a Title VII action, but rather was in the nature of a statute of limitations, subject to waiver, estoppel, and equitable tolling. Presumably the same logic applies to the limitation at issue in this case, and indeed the Court in *Zipes* referred to *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), where the Court took jurisdiction of a case notwithstanding the plaintiff's failure to meet the 90-day filing deadline at issue here.

Because the EEOC filing deadlines are analogous to statutes of limitation, this court believes they should be subject to the ordinary, accepted rules regarding the effect of the filing of class actions on statutes of limitation. In *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Court held that the filing of a Rule 23(b)(3) class action tolled the statute of limitations for all class members who might subsequently participate in the action, as well as for named plaintiffs. Although *American Pipe* involved a Rule 23(b)(3) class action, its logic applies with greater force to Rule 23(b)(1) and (b)(2) class actions, in which class members cannot "opt out." *See* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.-90[3] (2nd ed. 1982).

---

1. It is unclear from the opinion in *Inda* whether the lawsuits subsequently filed by the other employees were class actions and whether they were filed prior to the running of the EEOC time limits for the plaintiff in *Inda.* Apparently one lawsuit was filed as an individual action (*see Sprongis v. United Air Lines,* 444 F.2d 1194 (7th Cir.1974)) and the other as a class

action (*see Romasanta v. United Air Lines,* 537 F.2d 915 (7th Cir.1976)). That the counsel for plaintiff in *Inda* did not make an argument based on the filing of a class action by another employee would seem to indicate that the class action in *Romasanta* was filed after *Inda's* EEOC time limit already had run.

Hence, the EEOC filing deadlines for Joanne Amspoker·were tolled upon the filing of the present class action on October 31, 1980. On that date, the 90-day period of 42 U.S.C. § 2000e–5(f)(1) had not run for Dr. Amspoker. She properly intervened in this lawsuit by being named as a named plaintiff in a subsequent amended complaint.

Defendant's motion to dismiss Joanne Amspoker as a named plaintiff is therefore denied.

## II.

■ Defendant next contends as a part of its argument in favor of modifying the class certification that the individuals proposed as subclass representatives by plaintiffs cannot serve in that capacity without having met EEOC filing requirements themselves. For this proposition defendant again relies on *Inda, supra,* along with *Betts v. Reliable Collection Agency,* 659 F.2d 1000 (9th Cir.1981). Defendant correctly contends that *Betts* requires that each subclass and each subclass representative independently meet Rule 23 requirements. *See* Fed.R.Civ.P. 23(c)(4)(B). However, although this court must find that each subclass representative meets the requirements of Rule 23, it does not follow that each subclass representative must meet the requirements of Title VII.[2] *Betts* is not a Title VII case. Indeed, *Betts* involved a subclass representative who was not a member of the subclass he sought to represent, his individual claim having been previously settled.

The parties do not contest that a class member may be accorded relief in a Title VII action without having filed an individual EEOC complaint. From this premise and the discussion in Part I above, defendant's argument that non-filing class members cannot intervene as named plaintiffs or subclass representatives must be rejected. On the date of the filing of this Title VII action by representative plaintiffs who had properly filed with the EEOC, class members obtained an inchoate right in the class action suit, and the EEOC filing requirements for class members were tolled. This court believes it would be a waste of administrative resources and individual effort to require a class member to file an EEOC complaint in order to intervene as a class representative in an ongoing properly-filed class action in which the class member already has obtained a possible right to recovery. Both the EEOC and the defendant have had the opportunity to work out voluntarily the grievances that have led to this suit, as evidenced by the existence of several named plaintiffs who have properly followed the EEOC guidelines and procedures. This court does not perceive that the purposes behind the EEOC filing requirements are in any way thwarted by holding that class members in ongoing, properly-filed Title VII class actions may intervene as named plaintiffs without having met EEOC filing requirements.[3]

---

**2.** This court has not explicitly found that the proposed subclass representatives meet the requirements of Rule 23. However, assuming plaintiffs state a claim against the defendant, this court believes that the subclass representatives, acting with present counsel, will adequately represent the interests of their respective subclasses. Defendant has not challenged the individual ability of the proposed subclass representatives, and their arguments as to the ability of an individual subclass representative to represent others as to injuries she did not suffer are discussed in a related order.

**3.** The issue of the effect of a Title VII class action on the ability of a non-filing class member to later bring an individual Title VII action is not before the court. Presumably, at this point individual class members could go forward with individual claims not fairly encompassed by the class action claim (e.g., against individual departments or schools), but would have to meet EEOC filing requirements to do so. The EEOC filing requirements are presumably tolled for those class members choosing to wait and see what claims will be encompassed by the final class certification order in this litigation; they should be able to file EEOC complaints for claims not encompassed by the final class action certification and have the EEOC time deadlines tolled for the period from October 31, 1980 to the date of the final class certification in this litigation. *See Barrett v. United States Civil Service Commission,* 439 F.Supp. 216 (D.D.C.1977).

IT IS ORDERED that defendant's motion to dismiss class members at the four institutions not represented among the original named plaintiffs is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss Joanne Amspoker as a named plaintiff is denied.