Patricia BETTS and Donald Musumeci, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Helen COLTES, in her capacity as Clerk of the District Court, State of Hawaii, Individually and on behalf of all persons similarly situated, Defendant,

and

Reliable Collection Agency, Ltd., a Hawaii Corporation, Individually and on behalf of all persons similarly situated, Defendant,

and

Hawaiian Collectors Association, Inc., Intervenor.

Civ. No. 76–0123.

United States District Court, D. Hawaii.

March 27, 1979.

Paul Alston, Paul, Johnson & Alston, Honolulu, Hawaii, for plaintiff Betts.

Stanley E. Levin, Stephanie A. Rezents, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

James P. Dandar, Deputy Atty. Gen., Ronald Y. Amemiya, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendant Coltes.

James M. Sattler, Dennis W. King, John A. Kenney, Jr., Honolulu, Hawaii, for Reliable Collection Agency, Ltd. and for intervenor Hawaiian Collectors Ass'n, Inc.

## DECISION AND ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

SAMUEL P. KING, Chief Judge.

The present issue presents another aspect of a suit challenging the constitutionality of Hawaii's post-judgment garnishment statutes.[1]

An earlier aspect of this suit involved Plaintiff Betts on behalf of herself and as representative of the class of all residents of the State of Hawaii who, after judgment has been rendered against them, have had or may have their property garnisheed pursuant to a garnishee summons issued under the terms of Haw.Rev.Stat. § 652–1(b); against Defendant Coltes as Clerk of the District Court of the First Circuit, State of Hawaii, and as representative of the class of all clerks of the circuit and district courts of Hawaii. On cross-motions for summary judgment, I declared the statute in question to be unconstitutional insofar as it authorized the issuance without further statutory procedures of *ex parte* writs of garnishment to sequester personal checking accounts (or similar accounts) belonging to judgment debtors and which may or do contain funds traceable to AFDC grants. I held further that, at a minimum, such procedures must provide for a non-conclusory affidavit to be submitted by a judgment creditor, review by a judicial officer, and a quick hearing on any claimed AFDC exemption. *Betts v. Tom,* 431 F.Supp. 1369 (D. Hawaii 1977) (hereinafter *Betts II* ).[2]

For *Betts II,* I redefined the class originally certified and defined the subclass of plaintiffs represented by Ms. Betts and the subclass of defendants represented by Ms. Coltes as set forth above. Other classes or subclasses and their representatives were left for future proceedings. On January 10, 1978, I entered an order defining another subclass of plaintiffs and another subclass of defendants, with their representatives, as follows:

Plaintiff Musumeci, on behalf of himself and as representative of all judgment debtors of Reliable Collection Agency, Ltd. (hereinafter Reliable) and the class represented by Reliable, who have had or are having or will have their wages garnished by Reliable or a member of the class represented by Reliable, pursuant to the affidavit method of garnishment prescribed in Haw.Rev.Stat. § 652–1(b).

Defendant Reliable as a collection agency, on behalf of itself and as representative of all collection agencies in the State of Hawaii as defined by Haw.Rev. Stat. Chap. 443, that have been, are, or will be employing the affidavit method of

1. Haw.Rev.Stat. Chap. 652 (1976), as amended by Act 33, 1977 Haw.Sess.Laws, and by Act 247, 1978 Haw.Sess.Laws. The amendments do not materially affect the issues before me. The unamended provisions in question, Haw. Rev.Stat. § 652–1(a)–(b), are set forth in full in *Betts v. Tom,* 431 F.Supp. 1369, 1370 n.2 (D. Hawaii 1977).

2. An earlier decision denying a motion to abstain is reported as *Betts v. Reliable Collection Agency, Ltd.,* 422 F.Supp. 1140 (D. Hawaii 1976) (hereinafter *Betts I* ). A later decision releasing funds to pay plaintiffs' attorney's fees is reported as *Betts v. Coltes,* 444 F.Supp. 751 (D. Hawaii 1978) (hereinafter *Betts III* ). This decision and order on motion for partial summary judgment might be referred to as *Betts IV. Betts II* was appealed to the Ninth Circuit Court of Appeals by Defendant Coltes; Plaintiff Betts thereafter filed a cross-appeal. The appellate court held that the plaintiffs' appeal was untimely and therefore dismissed both the appeal and the cross-appeal. *Betts III* was appealed to the Ninth Circuit Court of Appeals in a timely manner, but this appeal was dismissed upon a stipulation by the parties.

wage garnishment as prescribed by Haw. Rev.Stat. § 652–1(b).

On March 28, 1978, Plaintiff Musumeci, on behalf of himself and the class he represents, moved for partial summary judgment declaring Haw.Rev.Stat. § 652–1(b) unconstitutional in that it fails to provide pre-garnishment notice and an opportunity to challenge the garnishment amount, and enjoining Reliable and the class it represents from enforcing judgments by garnishment of wages pursuant to Haw.Rev.Stat. § 652–1 until the constitutional infirmities in the statute have been removed.

No counter motion for summary judgment has been filed, although there are no material facts in dispute.[3] Notwithstanding defendants' restraint, in these circumstances I may grant summary judgment to either party. *United States v. California,* 403 F.Supp. 874, 902 (E.D.Cal.1973), *aff'd on the merits,* 558 F.2d 1347 (9th Cir. 1977), *cert. granted,* 434 U.S. 984, 98 S.Ct. 608, 54 L.Ed.2d 477 (1977).

The applicable principles of law were discussed at some length in *Betts II.* I there stated that there are no hard and fast rules in this area, and that all relevant interests must be carefully balanced before a court can conclude that a certain procedure does or does not comport with procedural due process. The court must consider the various conflicting private and public interests affected by the state action. The court should evaluate the risk that an erroneous deprivation of an affected interest will occur under present procedures. The probable value of additional or substituted procedures must be considered. *Betts II, supra* at 1375.

Having considered, evaluated, weighed, and balanced the conflicting interests, I conclude that Haw.Rev.Stat. § 652–1(b) passes federal Constitutional tests for procedural due process insofar as it permits the post-judgment garnishment of wages without prior notice or hearing accorded to the judgment debtor.

The only problem addressed on behalf of this plaintiff class is the risk of excessive wage garnishments. The fear is that an employer will withhold too much, or from the wrong employee, or where the debtor has a defense to the underlying claim of the creditor.

We note immediately that this kind of deprivation is on a different level from that suffered by a welfare recipient whose benefits are terminated, as in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), or by an AFDC grantee whose funds are delayed, as in *Betts II, supra.* In the latter two situations, the person deprived has no place else to go for the necessities of life. He or she has already been determined to be in need. The wage-earner has not reached the end of his financial resources.[4]

The statute itself limits the amount that may be withheld from wages by garnishment to a maximum of a little less than 20% of monthly take-home pay.[5] No matter

---

3. A suggestion of a possibly disputed fact arises from allegations by the plaintiff class and denials by the defendant class that excessive garnishments of wages occur frequently. I do not deem it necessary to resolve this factual dispute in order to decide the constitutional issues raised by the pleadings.

4. This is not to say that the wrongfully garnished wage-earner does not suffer financial distress, but only that the level of distress is not as great as that of someone receiving government assistance. Presumably the wage-earner has sufficient resources, or access to resources, to sustain him and his dependents for the relatively short period of time required to correct an erroneous garnishment.

5. The earlier statute (at the time of *Betts II*) limited withholdings to satisfy garnishments to 5% of the first $100 per month, 10% of the next $100 per month, and 20% of all sums in excess of $200 per month, or an equivalent portion of these amounts per week, of the judgment debtor's "wages." The 1977 amendment, *supra* note 1, expanded the statutory definition of "wages" to include "wages, salary, stipend, commissions, annuity, or net income under a trust." The 1978 amendment, *supra* note 1, limited the base to which the allowable percentages were to be applied to that portion of the judgment debtor's "wages . . . remaining after the deduction of any amounts required by law to be withheld." This is not the same as take-home pay because it does not allow for voluntary deductions.

how many creditors garnishee the same employee's wages, the maximum allowable withholding remains the same; successive creditors must wait in line in order of priority based upon the time of service on the garnishee.[6]

The calculation is strictly mechanical and is made by the employer, not by the judgment creditor.[7] Once garnishment of wages has been invoked, a judgment creditor must rely upon the employer to deduct and pay over the amount permitted by the State statutes and by federal laws and regulations.[8]

To effect a garnishment of wages, a judgment creditor must file with the employer of the judgment debtor a certified copy of the judgment and an affidavit as to the amount due and unpaid on account of the judgment.[9] These documents sufficiently identify the person whose wages are to be affected and the total amount to be withheld. It must be remembered that the post-judgment creditor has had his claim adjudicated and has received a judgment to which he is entitled under the law. Legal process has proceeded to the point where the debtor is aware that further enforcement proceedings may be taken. The affidavit method of garnishment of wages provides a simple procedure which furthers the state's interests in enforcing its judgments and the creditor's interests in collecting what is owed and the debtor's interests in holding down the costs of collection.

Finally, the wrongfully garnisheed employee has a speedy and adequate remedy. He may call the error to the attention of his employer, and the employer may unilaterally correct the error without reference to the judgment creditor. If the employer fails to act, the employee may upon motion obtain a court order correcting any erroneous or excessive withholding.[10] Monies erroneously paid over to a judgment creditor may be recovered.[11] A misuse of process, or a failure to correct an erroneous garnishment, could entitle the employee to damages from the judgment creditor or from his employer or from both.

Accordingly, IT IS ORDERED that Plaintiff Musumeci's Motion for Partial Summary Judgment filed herein on March 28, 1978, is Denied; and

IT IS FURTHER ORDERED that summary judgment is hereby Granted in favor of Defendant Coltes and the class she represents, and in favor of Defendant Reliable and the class it represents, declaring that the affidavit method of postjudgment garnishment of wages provided for by Haw. Rev.Stat. § 652–1(b) does not contravene federal Constitutional requirements of procedural due process under the Fourteenth Amendment.

---

6. Haw.Rev.Stat. § 652–7 (1976).

7. Haw.Rev.Stat. § 652–1(b) and § 652–5 permit the judgment creditor to invoke the garnishment remedy by filing with the employer a certified copy of the judgment obtained against the judgment debtor and an affidavit as to the amount due and unpaid on account of the judgment. The rest is up to the garnishee-employer, who becomes liable to the judgment creditor for the amount that may be withheld. Haw. Rev.Stat. § 652–2.

8. There are federal restrictions on garnishment of "aggregate disposable earnings." *See* 43 C.F.R. Part 870. Trying to comply with all applicable state and federal statutes and regulations may well place the employer between a rock and a hard place. The employer has a partial remedy under Haw.Rev.Stat. § 652–9, which provides a procedure for the garnishee to seek guidance from a judge.

9. Post-garnishment procedures, *supra* note 7.

10. Haw.Rev.Stat. § 652–1(d).

11. Haw.Rev.Stat. § 652–14, by implication. Defendant Reliable did in fact repay to Plaintiff Musumeci sums deemed to have been withheld in excess of allowable amounts.