659 F.2d 1000
 Patricia BETTS and Donald Musumeci, individually and on
behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
RELIABLE COLLECTION AGENCY, LTD., a Hawaii corporation,
individually and on behalf of all persons
similarly situated; Clayton K. O. Tom,
Defendants-Appellants,
Helen Coltes, in her capacity as Clerk of the District Court
of the First Circuit, State of Hawaii, Defendant-Appellant,
and
Hawaiian Collectors Associations, Inc., Intervenor-Appellant.
 No. 79-4519.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 28, 1981.
Decided Oct. 19, 1981.
 
 James H. Dannenberg, Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellants.
 Stanley E. Levin, Honolulu, Hawaii, argued, for plaintiffs-appellees; Paul Alston, Honolulu, Hawaii, on brief.
 Appeal from the United States District Court for the District of Hawaii.
 Before KILKENNY, SNEED and FARRIS, Circuit Judges.
 KILKENNY, Circuit Judge:
 
 
 1
 This is an appeal of a class action where the district court declared Haw.Rev.Stat. § 652-1(b), the Hawaiian post-judgment garnishment statute,[1] unconstitutional. Previously, in Betts v. Tom, 431 F.Supp. 1369 (D.Hawaii 1977),[2] the Hawaiian district court had held this statute to be unconstitutional insofar as it permitted the issuance of "ex parte writs of garnishment to be served on financial institutions which held personal checking accounts (or similar accounts) belonging to judgment debtors which might or might not contain funds traceable to AFDC[3] grants." Betts II at 1378. On May 15, 1979, two years after Betts II was decided, appellee Hans Collin moved the district court to redefine the class to which the judgment applied to additionally include those who receive Social Security funds which are deposited into bank accounts similar to those involved in Betts II. The district court granted this motion and ordered the creation of a subclass. This subclass consisted of all Social Security recipients who have been or will be subjected to summary garnishments of their Social Security benefits deposited in bank accounts. The Hawaiian post-judgment garnishment statute was then declared unconstitutional as it applied to members of this subclass and the subclass was afforded the same relief as that granted to AFDC recipients in Betts II. Coltes, the appellant, who represents a class of court clerks in the circuit and district courts of the State of Hawaii, appeals the district court's decision on the merits and its redefinition of the class.
 
 PROCEDURAL BACKGROUND
 
 2
 On April 1, 1976, Patricia Betts and Donald Musumeci, two judgment debtors, instituted this action, individually and on behalf of all others similarly situated, against their judgment creditors, Clayton K. O. Tom and Reliable Collection Agency, Ltd., and against Helen Coltes, Clerk of the district court of the First Circuit Court of the State of Hawaii. Coltes was named individually and as a representative of all clerks of the circuit and district courts in Hawaii. Reliable Collection Agency, Ltd. (Reliable) was named individually and as a representative of all collection agencies in Hawaii that use or may use the "affidavit method" of wage garnishment allowed by Haw.Rev.Stat. § 652-1(b).
 
 
 3
 Betts was an AFDC recipient whose bank account had been garnished to satisfy a judgment pursuant to a garnishee summons issued under § 652-1(b) by Coltes at the request of Tom. After a similar request by Reliable, Musumeci's wages were garnished in an attempt to satisfy an outstanding judgment. Betts and Musumeci sought damages against their individual judgment creditors for alleged § 1983 violations, a declaration that the Hawaii post-judgment garnishment statute was unconstitutional and injunctive relief to prevent Coltes and all other clerks in Hawaii from issuing garnishee summons and to prevent Reliable and all other such agencies in Hawaii from requesting the garnishment of wages.
 
 
 4
 The complaint alleged a due process violation in that a judgment debtor's assets could be garnished without prior notice and without a meaningful opportunity to claim an exemption of those assets from execution. A three-judge court was designated on May 19, 1976, pursuant to 28 U.S.C. § 2281 et seq., to consider Betts' request for injunctive relief against Coltes and the class she represents. Betts later withdrew her request for injunctive relief, and the three-judge court was dissolved nunc pro tunc as of October 18, 1976 (by order dated May 23, 1977).
 
 
 5
 On January 19, 1977, based upon a stipulation between Betts and Coltes, the district court certified that the action was properly maintainable as a Rule 23(b)(2), F.R.Civ.P., class action. Betts represented the class of all residents of Hawaii who, after judgment had been rendered against them, have had or who may have their property garnished pursuant to § 652-1(b). Coltes represented the class of all clerks of the circuit and district court of Hawaii. On February 11, 1977, the district court granted a motion for partial certification of a Rule 23(b)(2) class action for the class, represented by Musumeci, of all those who have had or will have their wages garnished under § 652-1(b).
 
 
 6
 After cross motions for summary judgment, and a stipulation that there were no genuine issues of material fact, the district judge filed a decision on May 17, 1977, which stated that the Hawaii post-judgment garnishment procedures were unconstitutional in part.
 
 
 7
 The district judge did not enter an order granting partial summary judgment in favor of Betts and the limited class she represented until June 8, 1977. On June 24, 1977, the district court issued an order that modified the original class represented by Betts to include only AFDC recipients. On July 14, 1977, Coltes filed a motion with the district judge requesting additional time within which to file a notice of appeal. The judge granted the motion on July 15, 1977, and the notice of appeal was filed on July 20, 1977. A motions panel of this court (Judges Wallace and Anderson), on February 21, 1978, dismissed the appeal as untimely. The motions panel found that the district judge had clearly abused his discretion in granting the extension of time.
 
 
 8
 On January 19, 1978, the district court granted Betts' motion for supplemental injunctive relief, pursuant to 28 U.S.C. § 2202, to enforce the declaratory judgment. The court enjoined the class represented by Coltes from issuing post-judgment writs of garnishment without certain specified procedural safeguards.
 
 
 9
 Apparently, enforcement of the injunction was to be stayed pending appeal. (As of January 10, 1978, the Ninth Circuit had not yet dismissed the appeal from Betts II as untimely.) On January 24, 1978, judgment was entered on the order of January 10, 1978.
 
 
 10
 Meanwhile, Musumeci had, on September 21, 1977, moved for a determination of defendant class and for an "expansion" of plaintiff class. On January 10, 1978, the district court defined another subclass of plaintiffs and another subclass of defendants:
 
 
 11
 "Plaintiff Musumeci, on behalf of himself and as representative of all judgment debtors of Reliable Collection Agency, Ltd. (hereinafter Reliable) and the class represented by Reliable, who have had or are having or will have their wages garnished by Reliable or a member of the class represented by Reliable, pursuant to the affidavit method of garnishment prescribed in Haw.Rev.Stat. § 652-1(b).
 
 
 12
 "Defendant Reliable as a collection agency, on behalf of itself and as representative of all collection agencies in the State of Hawaii as defined by Haw.Rev.Stat.Chap. 443, that have been, are, or will be employing the affidavit method of wage garnishment as prescribed by Haw.Rev.Stat. § 652-1(b)."
 
 
 13
 On March 28, 1978, Musumeci, on behalf of himself and the class he represented, moved for partial summary judgment declaring § 652-1(b) unconstitutional because it did not provide pregarnishment notice and an opportunity to challenge the garnishment amount, and enjoining Reliable, and the class it represented, from enforcing judgments by garnishing wages pursuant to § 652-1(b) until its constitutional infirmities have been removed. (By stipulation, Musumeci's individual damages claim against Reliable had been dismissed with prejudice). By stipulation, an order was filed on June 5, 1978, allowing Hawaiian Collectors Association, Inc. to intervene as a party defendant.
 
 
 14
 On March 27, 1979, the court granted summary judgment "in favor of Defendant Coltes and the class she represents, and in favor of Defendant Reliable and the class it represents, declaring that the affidavit method of post-judgment garnishment of wages provided for by Haw.Rev.Stat. § 652-1(b) does not contravene federal Constitutional requirements of procedural due process under the Fourteenth Amendment." Betts v. Coltes, 467 F.Supp. 544, 547 (D.Hawaii 1979) (Betts IV) (Betts III, reported at 449 F.Supp. 751 (D.Hawaii 1978), involved the release of funds to pay plaintiff's attorney fees. It was appealed to this court, but the appeal was dismissed upon a stipulation by the parties.)
 
 
 15
 On May 15, 1979, Hans Collin filed a motion for reconsideration of the order redefining the class Betts represented. (The order redefining the class is the June 24, 1977 order which modified the class originally represented by Betts to include only AFDC recipients.) Collin urged the court "to redefine the class to protect (him) and Social Security recipients who are similarly situated and who have been or will be subjected to summary garnishments of their Social Security benefits deposited in bank accounts." Collin had had a default judgment entered against him on January 2, 1979. On January 15, 1979, Collection Consultants, the judgment creditor, filed a "motion for issuance of garnishee summons after judgment" in the Hawaiian district court. This motion was granted and, on January 19, 1979, the garnishee summons was issued and served upon two banks where Collin had small personal accounts. Collin received notice from an employee of one bank that his account had been "frozen."
 
 
 16
 Collin then retained counsel in order to obtain the release of his accounts which contained Social Security benefits, funds exempted from execution. After contacting bank officials and the judgment creditor, Collin obtained the release of his accounts approximately one week later. On February 5, 1979, Collection Consultants and Collin signed a stipulation to set aside the default judgment and to discontinue that action with prejudice.
 
 
 17
 On July 17, 1979, long after his case had been dismissed with prejudice, the district court granted Collin's motion for an order redefining the modified Betts class. The district judge created a subclass consisting of all Social Security benefits deposited in bank accounts. This subclass was then afforded the same relief as the class of AFDC recipients represented by Betts. The court stated:
 
 
 18
 "This relief consists of procedures which include, at a minimum, (1) a requirement that every prospective garnishor submit a nonconclusory affidavit, executed by the judgment creditor, setting forth the facts upon which she/he had concluded that the assets to be garnished are not traceable to social security benefits; (2) a requirement for review of the sufficiency of the affidavit by a judicial officer prior to issuance of the writ; (3) a requirement for immediate post-seizure notice to the judgment debtor of the basis of the seizure, of his possible right to relief from the seizure if the assets taken are exempt, and of his right to a quick hearing on the merits of his claim, if any, that the assets seized are traceable to social security benefits or to some other exempt income; and (4) a requirement for an opportunity for the judgment debtor to obtain a hearing within two (2) working days on the merits of her/his claim, if any, that the assets are exempt; ..."
 
 
 19
 This order of July 17, 1979 (Betts V) is unreported. It declared the Hawaiian post-judgment garnishment statute, Haw.Rev.Stat. § 652-1(b), unconstitutional as applied to Social Security recipients.
 
 ISSUE
 
 20
 We have concluded that the only issue which we must decide is whether the procedures utilized by the district court in redefining the class to include Social Security recipients satisfied the requirements of Rule 23(c)(4), F.R.Civ.P.
 
 
 21
 Helen Coltes, the clerk of the District Court of the First Circuit of the State of Hawaii, is the sole appellant. Hans Collin is the only actual appellee. Ironically, the record clearly shows that the case in which Collin was involved was dismissed with prejudice against him long before this appeal was taken. Frankly, it is difficult to logically determine how the parties to this appeal got from "there" to "here."
 
 
 22
 Because all parties seem to desire a decision on the constitutionality of the legislation as applied to the particular facts, they have devoted minimal attention to the requirements of the rule permitting class actions, Rule 23, F.R.Civ.P. Beyond question, the procedures followed by the district court are highly irregular. Initially, the appellee's class included all residents of the State of Hawaii who, after judgment had been rendered against them, had or may have their property garnished. In granting Betts' motion for summary judgment in Betts II, the district court determined that the class she represented should be redefined to include "only those residents of the State of Hawaii who, after judgment had been rendered against them, have or had or may have accounts, possibly containing funds traceable to grants issued under the program for Aid to Families with Dependent Children, garnished under H.R.S. § 652-1(b)." Those not included in this modified class were invited by the district court to "join the suit" in order to extend the benefits of the decision of Betts II to owners of other forms of garnishable property. Subsequently, Collin, as a purported subclass representative, filed a motion to "redefine" the class.
 
 
 23
 The solution of the problem lies in a proper analysis of Rule 23(c)(4), F.R.Civ.P., which states:"(4) When appropriate (A) an action may be brought or maintained as a class action with respect to particular issues, or (B) a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly." (Emphasis added.)
 
 
 24
 This means that each subclass must independently meet the requirements of Rule 23 for the maintenance of a class action. A failure to do so will either require the dismissal of the action with respect to the subclass or force the action to proceed with regard to the members of the subclass on an individual basis. Of particular importance is that the court be certain that each subclass is adequately represented. With the February 5, 1979, dismissal of the litigation as to Collin, Collin no longer qualified as a member of the subclass he purported to represent. Consequently, the fundamental requirement that the representative plaintiff must be a member of the class he represents is completely lacking on the record before us.
 
 
 25
 The action of the district court is somewhat akin to the action taken by the Fifth Circuit Court of Appeals in East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). There the circuit court took upon itself the authority to declare a class action and thus imposed classwide liability upon the petitioners. At the time of this certification by the court of appeals, the named plaintiffs were not proper class representatives. In commenting on the issue, the Supreme Court said:
 
 
 26
 "For it is inescapably clear that the Court of Appeals in any event erred in certifying a class in this case, for the simple reason that it was evident by the time the case reached that court that the named plaintiffs were not proper class representatives under Fed.Rule Civ.Proc. 23(a)." Id. 403, 97 S.Ct. at 1896. (Emphasis added.)
 
 
 27
 Here it is crystal clear that Collin, not then being a party to or showing an interest in the case, was not a proper class representative at the time the certification was made. Wright & Miller, Federal Practice and Procedure: Civil § 1790 at 191-2 (1972).
 
 
 28
 As a practical matter, the litigation as to each subclass is treated as a separate law suit. In Re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1117-18, n. 11 (CA7 1979); cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95. Here the district court failed to divide the class into subclasses. It merely carved out a segment of the initially certified class and assumed that the action remained alive as to the rest of the original class despite the fact that no other subclass was defined at that time and despite uncertainty as to whether any representative parties existed. In effect, the judge retained jurisdiction over the "controversy" for an indefinite period of time. Collin joined the suit nearly two years after complete disposition of the Betts claim. We have found no authority (and the parties cite none) which permits the district judge to follow a procedure of allowing potential "subclass representatives" the opportunity to "create" additional subclasses seeking to benefit by an earlier holding.
 
 
 29
 It is our studied conclusion that the district court should have either terminated the original lawsuit at the time of its decision in Betts II or made it clear in its judgment that the suit was to continue as a class action in a manner which independently satisfied the requirements of Rule 23, F.R.Civ.P. Under the provisions of Rule 23(c)(4)(B), a class may be divided into subclasses and each subclass treated as a class with the provisions of the rule to be construed and applied accordingly to each class. In construing this rule, the Fifth Circuit, in Johnson v. American Credit Co. of Georgia, 581 F.2d 526, 532 (CA5 1978), held that "A subclass, then, must independently meet all of rule 23's requirements for maintenance of a class action." See also, Wright & Miller, Federal Practice and Procedure: Civil Sec. 1790 at 1791-2 (1972). The court in Johnson goes on to hold that a fundamental requirement in the establishment of a subclass is that the representative plaintiff must be a member of the class she wishes to represent, citing in support East Texas Motor Freight System, Inc. v. Rodriguez, supra. On the record here presented, the only person purporting to represent Social Security recipients is the alleged appellee Collin. Strange as it may seem, Collin was not even a party to any litigation at the time the district court entered the order of July 17, 1979, creating the subclass that is the subject of this appeal. As previously mentioned, his state litigation was terminated on February 5, 1979, when the stipulation was entered dismissing that action with prejudice.
 
 
 30
 Although there may be a semblance of logic to the argument that we should permit the appeal to proceed under the name of the Legal Aid Society of Hawaii, the fact remains that the society is not an appellant and in no way qualifies as a member of a subclass of Social Security recipients. We do not decide cases on the ground that it would be nice to have a ruling on the point.
 
 THREE-JUDGE COURT
 
 31
 The record discloses that on May 23, 1977, a nunc pro tunc order was made, signed, and entered by a three-judge court dissolving that court and returning the jurisdiction of the case to Judge King. The nunc pro tunc order, although dated May 23, 1977, was issued as of October 18, 1976, the date on which the plaintiff Betts withdrew her request for injunctive relief. This action by the three-judge court disposes of this issue. Thereafter, Judge King had authority to proceed as a single judge.
 
 OTHER ISSUES
 
 32
 In light of our decision on the preceding issues, we need not speak to the other issues raised on appeal. However, we issue a caveat to the district court to closely examine its authority to fix the type of guidelines to be henceforth followed by the courts in connection with the issuance of writs of attachment or execution for garnishment purposes. Courts should not legislate.
 
 CONCLUSION
 
 33
 We conclude that the district judge had no authority, under Rule 23 or otherwise, to enter the order of July 17, 1979, creating a subclass consisting of all Social Security recipients which had been or would be subjected to summary garnishment of their Social Security benefits deposited in bank accounts. Consequently, the district court had no power to pass on the constitutionality of the garnishment statute as it applies to Social Security recipients. The judgment of the district court is set aside and the cause is remanded for appropriate proceedings under Rule 23, F.R.Civ.P., including, but not limited to, the entry of a final judgment closing the action.
 
 
 
 [1]
 Haw.Rev.Stat. § 652-1(b) provides:
 "(b) After judgment. Wages may be garnisheed after judgment at the rate specified in subsection (a) of this section. In any action brought by a creditor against a debtor, the creditor may, after judgment rendered in his favor, request the court to summon any garnishee to appear personally, upon a day appointed in the summons for hearing the cause as against the garnishee, and make full disclosure; or in any action brought in the district court by a creditor against a debtor, the creditor may, ten days after judgment rendered in his favor, file a certified copy of the judgment and his affidavit as to the amount due and unpaid on account of the judgment with the employer of the judgment debtor and the employer shall thereupon either file a disclosure within one week or shall withhold from the wages of the judgment debtor the amounts as provided herein and pay the same to the judgment creditor.
 "Alias summons shall also be issued and served similarly as other civil process. At the time of leaving the copy of the alias summons, any and every element of any garnishee fund then in the hands of the garnishee shall be there secured to pay the judgment already recovered and may not otherwise be disposed of by the garnishee."
 
 
 [2]
 Hereinafter referred to as Betts II. Betts I involved a ruling denying a request for federal absention. Betts v. Reliable Collection Agency, Ltd., 422 F.Supp. 1140 (D.Hawaii 1976)
 
 
 [3]
 Aid to Families with Dependent Children