Anna PENK, et al., Plaintiffs,

v.

OREGON STATE BOARD OF HIGHER EDUCATION, Defendant.

Civ. No. 80–436.

United States District Court, D. Oregon.

Sept. 28, 1982.

**502**

See also, D.C., 99 F.R.D. 495, D.C., 99 F.R.D. 500, D.C., 99 F.R.D. 508.

Don S. Willner and JoAnn G. Reynolds, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for plaintiffs.

David B. Frohnmayer, Atty. Gen., James J. Casby, Jr., Asst. Atty. Gen., Eugene, Or., for defendant.

## OPINION AND ORDER

FRYE, District Judge:

Defendant Oregon State Board of Higher Education (OSBHE) has moved this court to reconsider and modify its Order of Class Certification issued October 13, 1981 and December 16, 1981. Defendant argues that the recent Supreme Court decision in *General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), and Fed.R.Civ.P. 23(c)(4)(B) (*see Betts v. Reliable Collection Agency,* 659 F.2d 1000 (9th Cir.1981)) require this court to limit the claims that may be pressed against the OSBHE by each subclass to the precise claim of injury al-

leged by that subclass' representatives in their EEOC complaints. Likewise, defendant argues that subclass dates must be set in reference to the subclass representatives' dates. Hence:

(a) The subclass certified at OSU can only include faculty members employed at that institution on or after September 2, 1980, and can only raise claims relating to discrimination with respect to pay.

(b) The subclass certified at WOSC can only include faculty members employed at that institution on or after September 3, 1979, and can only raise claims of discrimination with respect to pay and staff and clerical support.

(c) The subclass certified at U of O can only include faculty members employed at that institution on or after October 11, 1979, and can only raise claims of discrimination with respect to pay.

(d) The subclass certified at PSU can only include faculty members employed at that institution on or after September 4, 1979, and is limited to claims of discrimination with respect to pay, assignment of professional duties and staff and clerical support.

Before discussing the legal issues presented by defendant's motion, the court notes that class certifications are by nature contingent and subject to ongoing amendment and change as the exact nature of the factual and legal claims made in a case become clearer. Indeed, under Fed.R.Civ.P. 23(c)(1) this court may amend the class certification order at any time before a final decision on the merits. Furthermore, a showing of probable success on the merits is not a prerequisite to class certification. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). At this point it must be assumed that plaintiffs will be able to state a valid cause of action against the Board.

This court agrees that *Falcon* requires that class members' claims must "fairly encompass" the claims of the class representative. The court's disagreement with defendant is over precisely what "the claim" of plaintiffs is in the present lawsuit. Be-

cause this lawsuit is still in the discovery phase, the precise claim of plaintiffs is not yet fully developed. However, the court understands plaintiffs' claim to be that certain OSBHE policies or procedures, or the failure of the OSBHE to implement or monitor certain policies and procedures that it had a duty to implement or monitor, produced a discriminatory effect on female faculty members at state institutions, which manifested itself in a variety of ways. This court is aware that decisionmaking processes that produce individual decisions as to salary, tenure, the granting of sabbatical leave, and so on tend to be very decentralized in the state system of higher education, and that the discrimination plaintiffs complain of may be influenced by decisions made at institutional or departmental levels. Should it appear that the impact of OSBHE policies, when filtered through these lower-level decision-making processes, is too tenuous or diffuse, then the present class certification will fail—and probably plaintiffs' claim against the OSBHE as well. This determination is an integral part of the merits of plaintiffs' case, however, and the court cannot decide the merits at this point in the litigation.

Taking this view of "the claim" in this case, the court believes that *Falcon* does not require a modification of the class certification at this time. *Falcon* involved an Hispanic employee who was rejected for a promotion. He brought suit after filing an EEOC complaint, alleging intentional discrimination. 102 S.Ct. at 2372. He brought the suit as a class action, naming as class members Mexican-Americans who had been refused employment. As to these class members, the allegation was disparate impact. *Id.* The district court, relying on the *"across-the-board"* rule of the Fifth Circuit, certified the case as a class action without holding an evidentiary hearing and finding that the requirements of Rule 23 were met. *Id.* 102 S.Ct. at 2368. The Supreme Court held

[I]t was error for the District Court to presume that [plaintiff's] claim was typical of other claims against [defendant] by Mexican-American employees and applicants. If one allegation of *specific discriminatory treatment* were sufficient to support an across-the-board attack, every Title VII case would be a potential company-wide class action.

*Id.* 102 S.Ct. at 2371 (emphasis added). The Court emphasized in *Falcon* the inconsistency of having a class action (in which questions of law and fact are to be common among class members and class representatives) in a case where the class representative and class members' claims were of a different nature and required proof by entirely different evidence.

In the present case plaintiffs have alleged much more than a single instance of discrimination. Indeed, their complaint is that OSBHE policies generally operate to discriminate against women. *Falcon* did not do away with all across-the-board class actions:

Significant proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion....

*Id.* 102 S.Ct. at 2371 n. 15. Plaintiffs are entitled to prove if they can that OSBHE policies operate to discriminate against women in the same general way throughout the entire state system. A class action with respect to discriminatory impact is further appropriate because the evidence used to prove the representative plaintiffs' claims and the class members' claims will be similar. As to plaintiffs' claims against the OSBHE, common questions of law and fact predominate, and the requirements of Rule 23 have already been found by this court to have been met.[1] Defendant's motion to

---

1. Plaintiffs' claim is against the OSBHE, not the individual institutions. Assuming the plaintiffs prevail, the judgment will grant appropriate declaratory or injunctive relief

against the OSBHE. However, it does not follow that any individual class member will be entitled to damages as a result of this judgment. The decentralization of decision-making

modify class certification is therefore denied.

processes discussed earlier may require adjudication of individual damage claims on a case-by-case basis. This, too, will depend in large part on the scope of the final class certification order and the decision on the merits.