**Anna PENK, et al., Plaintiffs,**

v.

**OREGON STATE BOARD OF HIGHER EDUCATION, Defendant.**

**Civ. No. 80-436.**

United States District Court,
D. Oregon.

Dec. 10, 1982.

See also, D.C., 99 F.R.D. 495, D.C., 99 F.R.D. 500, D.C., 99 F.R.D. 501.

Don S. Willner and JoAnn G. Reynolds, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for plaintiffs.

David B. Frohnmayer, Atty. Gen., James J. Casby, Jr., Asst. Atty. Gen., Eugene, Or., for defendant.

OPINION AND ORDER

FRYE, District Judge:

Defendant has moved the court to certify the question of the propriety of its class certification orders of September 28, 1982 and October 13, 1981 for immediate appeal to the Ninth Circuit pursuant to 28 U.S.C. § 1292(b), which provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order....

A district court's denial of a motion for appeal under § 1292(b) is not itself subject to appeal. *Fletcher v. Gasogian,* 604 F.2d 637 (9th Cir.1979). Hence, the decision to certify is wholly within the discretion of this court.

■ The legal issues that the defendant wishes the Ninth Circuit to decide on immediate appeal primarily involve the effect of the decision in *General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), and later remands for reconsideration in light of *Falcon* on the class certification in the present case. As discussed more fully below, this court believes that a restructuring of the class in the present case is required by *Falcon* and *Betts v. Reliable Collection Agency,* 659 F.2d 1000 (9th Cir.1981). After such a restructuring, there will remain only one purely legal issue that might be appealed to the Ninth Circuit. Because the court believes that a § 1292(b) appeal should be taken in only the most extraordinary situations, and because the court believes that allowing such an appeal at this time would not materially advance the ultimate termination of this litigation, the defendant's motion to certify the class certification decisions for immediate appeal is denied.

In turning to the restructuring of the class in light of *Falcon* and later remands, the court will respond to defendant's articulation of the issues that it seeks to appeal under § 1292(b).

I

"Should claims of 'across-the-board' discrimination be permitted to proceed as a class action where the class representatives have not suffered the injuries alleged on behalf of the class"?

■ ANSWER: *No.* The clear import of *Falcon* and the later remands now seems to be that employment discrimination class actions cannot go forward unless the class representatives have suffered the same injuries as the class members they propose to represent. Particularly persuasive is the remand of *Brown v. Eckard Drugs,* 663 F.2d 1268 (4th Cir.1981) for reconsideration in light of *Falcon.* In *Brown,* plaintiffs who alleged that they were discriminatorily discharged sought to represent class members alleging discrimination in promotion and transfer. The Fourth Circuit allowed the class action to go forward, stating:

> ... [A]n *employee* who suffers *some* particularized employment discrimination grievance [is not precluded] from representing other *employees* who present factually differing claims that, nevertheless, proceed on the same legal theory of race discrimination....
>
> Where an employee presents a particularized claim of racial injury, she may represent a class of other employees in bringing a general challenge to workplace discrimination. [Citations omitted]. The nature of employment discrimination injury is such that all minority employees suffer similar injury when unlawful practices gover[n] the conditions of their workplace....

663 F.2d at 1275 (footnotes omitted, emphasis in text). This language is similar to the language in this court's original class certification order to the extent that

> The court must also be satisfied that plaintiffs possess the same interest and suffer the same injury as the class members. [Citation omitted] The injury claimed by all is sex discrimination. The interest shared by all is elimination of sex discrimination from the state system of higher education.

Opinion and Order of October 13, 1981 at 6.

The remand of *Brown* indicates that this analysis is no longer valid. The named plaintiffs in this case, then, may only rep-

resent class members with respect to the specific injuries that the named plaintiffs themselves have suffered. The named plaintiffs have not alleged any particular injuries in the complaint; rather, they simply allege that defendant caused certain injuries to some of the named plaintiffs, without specifying that a given named plaintiff has suffered any given injuries. Plaintiffs shall amend their complaint and state what specific injuries the plaintiffs who have filed charges with the EEOC allegedly have suffered. Then, under *Falcon,* the class action will go forward only with respect to injuries actually suffered by at least one filing plaintiff.

## II

"May the court properly certify subclasses where subclass representatives have not satisfied the requirements of Title VII or Rule 23 of the Federal Rules of Civil Procedure and thus do not have standing to maintain a lawsuit in an individual capacity"?

█ ANSWER: *Yes* and *No.* An individual may intervene in a class action discrimination suit notwithstanding her failure to follow EEOC filing procedures. The *Falcon* decision does nothing to change the analysis of this issue put forth in the September 28, 1982 Orders.

However, *Falcon,* Fed.R.Civ.P. 23(c)(4)(B), and *Betts v. Reliable Collection Agency,* 659 F.2d 1000 (9th Cir.1981), together make clear that a subclass representative cannot represent subclass members with respect to injuries not actually suffered by the subclass representative herself.

After reevaluating the "claim" in this case—that the Oregon State Board of Higher Education's policies and practices fan out and filter down through the various institutions and departments and cause female faculty members to suffer certain injuries because of their sex—the court no longer believes that subclasses at each individual institution are necessary. The thrust of the defendant's objection to one state-wide class—that the decision-making processes responsible for whatever injuries plaintiffs may have suffered are so decentralized that

the Board's policies cannot legally be said to have caused plaintiffs' injuries—is in essence a defense on the merits. If evidence should disclose, however, that the Board's policies regarding women do in fact differ from institution to institution, then the class certification or class relief will be amended to reflect those differences. At this point in the litigation the court is no longer of the opinion that adequacy of class representation is increased by the existence of the subclasses at each institution. Therefore, the court amends its prior class certification rulings to eliminate the subclasses. For the time being, the action will go forward as one state-wide class.

## III

"May the court properly certify subclasses regarding disparate treatment claims at eight autonomous institutions in the absence of any evidence that policies, practices or decision-making processes alleged to be discriminatory by a named plaintiff are the same at any other institution within the State System of Higher Education"?

"May the court properly certify institution-wide classes regarding across-the-board allegations of disparate treatment in the absence of any evidence that the discriminatory policies, practices, or decision-making processes alleged to be discriminatory by the named plaintiff pertain to any other department, division or college within that institution"?

█ ANSWER: Although these precise questions are mooted by the elimination of the subclasses, the answer to the more general issue presented by these questions is *YES.* As the last set of orders discussed, a court cannot look too far into the merits of a case in deciding whether to certify an action as a class action. The extent to which the eight institutions are autonomous, the extent to which the decision-making processes of which plaintiffs complain are decentralized, in short, the question of whether the *Board's* policies and practices can be said to have caused injury to the plaintiffs and class members is the essence of the merits in this case. This court may alter the class certification decision at any

time before a final decision on the merits under Rule 23(c)(1). This court must allow the plaintiffs an opportunity to prove the merits of the case against the Board. If it appears later that the plaintiffs cannot prove their claim against the Board, then the class certification will be amended appropriately.

To conclude, the court wishes to bring this litigation to a just determination as soon as practical. On the other hand, the court wishes to adhere as nearly as possible to the law with respect to its class action determinations. Therefore,

IT IS ORDERED that:

1. Defendant's motion to certify this court's class action certification decisions for immediate appeal under 28 U.S.C. § 1292(b) is denied;

2. Plaintiffs shall amend their complaint in this action to allege what specific injuries each individual who has filed a complaint with the EEOC has suffered; and

3. The class certification in this action is amended by eliminating the subclasses at each institution and by restricting the class claims to those injuries allegedly suffered by at least one of the named plaintiffs as described above.