Levanna C. TRAYLOR; et al., Plaintiffs,

v.

AVNET, INC.; Avnet Pension Plan, Defendants.

No. CV–08–0918–PHX–FJM.

United States District Court, D. Arizona.

May 26, 2009.

Daniel Lee Bonnett, Jennifer Lynn Kroll, Susan Joan Martin, Martin & Bonnett PLLC, Phoenix, AZ, Eli Gottesdiener, Gottesdiener Law Firm PLC, Brooklyn, NY, William Henry Blessing, The Blessing Law Firm, Cincinnati, OH, for Plaintiffs.

D. Lewis Clark, Jr., Brian Andrew Cabianca, Squire Sanders & Dempsey LLP, Phoenix, AZ, Robert D. Wick, Frederick G. Sandstrom, Covington & Burling LLP, Washington, DC, Tara A. Aschenbrand, Squire Sanders & Dempsey LLP, Columbus, OH, for Defendants.

## ORDER

FREDERICK J. MARTONE, District Judge.

Plaintiffs bring this proposed class action alleging that defendants Avent, Inc. and Avnet Pension Plan (collectively, "Avnet"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, by improperly calculating participants' entitlement to and payment of lump sum benefit distributions. The court now has before it plaintiffs' motion for class certification (doc. 88), Avnet's response (doc. 92), and plaintiffs' reply (doc. 111).

## I.

In 1993, Avnet amended the Avnet Pension Plan (the "Plan") to convert it from a traditional defined benefit plan to a cash balance plan effective January 1, 1994. Avnet froze accruals under the old Plan as of December 31, 1993, and converted those accruals into a "Cash Balance Account," which became the opening balance of the new Plan for years of service beginning January 1, 1994. While there was no lump sum distribution option available under the pre–1994 Plan, the amended plan gave participants the option to receive their benefits in either a single lump sum payment or an annuity. Plaintiffs allege that in March, 1994, Avnet again amended the Plan by adding section 6.10(B) in order to limit a participant's right to elect a lump sum distribution if the present value of his pre–1994 retirement benefit was greater than his Cash Balance Account.

Plaintiffs Traylor, Moses, Coy, and Moriarty, representing the proposed Lump Sum Class, terminated their employment with Avnet between 2001 and 2005 and elected to receive pre-retirement lump sum distributions of their Plan benefits. These plaintiffs allege that their lump sum payments were incorrectly calculated because the Plan administrator failed to make a required "whipsaw calculation" in violation of ERISA, resulting in an underpayment of retirement benefits.[1] Plaintiffs Phillips, Small, Cohen, and Dison, representing the proposed Restricted Participant Class, allege that in 1994 they terminated their employment with Avnet and were denied the opportunity to elect lump sum payments based on Avnet's improper application of section 6.10(B) of the Plan.

Plaintiff Paul Gillespie, representing the proposed Unrestricted Participant Class, alleges that Avnet disseminates inaccurate information regarding the relative value of participants' benefit options in violation of its ERISA disclosure obligations.

---

1. On August 17, 2006, Congress enacted the Pension Protection Act of 2006, Pub.L. No. 109–280, 120 Stat. 780, which was intended in part to address the treatment of cash balance plans under ERISA, and to eliminate the whipsaw effect.

Plaintiffs seek certification of the following classes:

(1) The Lump Sum Class. All persons for whom the Plan maintained an account at any time after 12/31/93 and who received a distribution from the Plan, whether in the form of a lump sum or annuity, between 1/1/94 and 8/17/06;

(2) The Restricted Participant Class. All persons for whom the Plan maintained an account at any time after 12/31/93 and who between 1/1/94 and 8/17/06 were not offered a lump sum distribution upon termination of their employment because the Plan determined that the present value of their pre–1/1/94 benefit exceeded their Cash Balance Account; and

(3) The Unrestricted Participant Class. All persons for whom the Plan maintains an account who are currently eligible to receive a lump sum distribution of their Plan benefit.

## II.

Before we reach the issue of class certification, we consider two threshold jurisdictional issues. Avnet contends that plaintiffs fail to satisfy the "case or controversy" requirement of Article III with respect to two different groups of proposed plaintiffs—the Unrestricted Participant Class and members of the Lump Sum Class who elected to receive annuities.

## A.

Avent first argues that we must deny certification of the Unrestricted Participant Class because the only proposed class representative, Paul Gillespie, does not have a claim that is ripe for review. Gillespie argues on behalf of himself and his proposed class that Avnet is violating its ERISA disclosure obligations by disseminating inaccurate and inadequate information regarding the value of participants' benefits. Avnet contends that, because Gillespie has not yet elected to receive benefits and has not received the disclosures that he now challenges, he has not suffered an injury that is ripe for adjudication.

Plaintiffs do not contend that Gillespie was actually given false or misleading information

regarding the relative value of his benefit options. *See Reply* at 11. Instead, they simply reply that "Defendants are mistaken." *Id.* This bare assertion without any analysis, coupled with a reference to a factually distinguishable, unpublished opinion, is wholly insufficient to support plaintiffs' position. *See Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir.2007) (a brief "*must* provide an argument which *must* contain appellant's contentions and the reasons for them") (emphasis in original); *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003) ("we cannot manufacture arguments for an appellant") (quotation omitted). Despite the deficiency of plaintiffs' reply, we nevertheless consider the merits of Avnet's argument.

The ripeness doctrine is intended in part to prevent judicial review of legal issues outside the limits of Article III cases and controversies. It includes a constitutional and prudential component, "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 57 n. 18, 113 S.Ct. 2485, 2495 n. 13, 125 L.Ed.2d 38 (1993). The constitutional component of the ripeness inquiry often coincides squarely with the injury-in-fact prong of standing, *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138 (9th Cir.2000), which requires a showing that the allegedly unlawful conduct caused an actual or imminent injury, not one that is hypothetical, conjectural, or abstract. *O'Shea v. Littleton,* 414 U.S. 488, 493–94, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). In the context of a class action, at least one named plaintiff must satisfy the injury-in-fact component of standing in order to seek relief on behalf of himself and members of his class. *Id.* at 494, 94 S.Ct. at 675.

■ Avnet argues that Paul Gillespie's claim is not ripe because he has not yet elected to receive his benefits under the Plan and has not received the disclosures that he contends are inaccurate and inadequate. Avnet contends that Gillespie's claim rests upon contingent future events that may never occur. Gillespie himself testified that he has not "given any thought" as to when he will elect to receive benefits. *Gillespie Deposi-*

*tion* at 33. He also has not given any thought to the form of benefit he is likely to elect and has never seen the benefit election forms that Avnet uses to *inform participants* of their distribution options. *Id.* at 40.

We agree that Gillespie's concern that he might be provided with inadequate benefits information at some unknown time in the future is insufficient to establish an actual case or controversy under either a standing or ripeness analysis. A plaintiff's " 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of [an] 'actual or imminent' injury." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 564, 112 S.Ct. 2130, 2138, 119 L.Ed.2d 351 (1992) (emphasis in original). Because Gillespie has not yet suffered a concrete injury, nor is an injury sufficiently imminent, he lacks standing to assert his claim and is not an adequate representative of his proposed class. *See* Fed.R.Civ.P. 23(a) (4). We dismiss Gillespie's claim and deny his motion to certify the Unrestricted Participant Class.

### B.

■ Avnet also challenges plaintiffs' inclusion in their definition of the Lump Sum Class approximately 500 individuals who elected to receive annuities rather than lump sum payments. Although annuitants are included in the definition of the proposed Lump Sum Class, all of the named plaintiffs elected to receive a lump sum distribution of benefits. Avnet contends that the annuitant class members suffered a different type of injury and seek a different type of remedy, and therefore the named plaintiffs do not have standing to assert claims on their behalf.

■ A plaintiff must demonstrate standing separately for each form of relief sought. *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir.2007) (citing *Friends of the*

*Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 185, 120 S.Ct. 693, 706, 145 L.Ed.2d 610 (2000)). A "plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Blum v. Yaretsky,* 457 U.S. 991, 999, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982).

Although both the named plaintiffs and the annuitants are alleged to have been injured by the same unlawful conduct—Avnet's failure to properly calculate the lump sum payment—their injuries and respective remedies are significantly different. The named plaintiffs contend that Avnet's unlawful conduct caused them to be underpaid and they seek an order requiring Avnet to pay the balance of their benefits. In contrast, the annuitants claim that Avnet's miscalculation of their lump sum benefit effectively denied them the opportunity to make an informed decision regarding their distribution election. They seek injunctive relief in the form of an order requiring Avnet to offer them the option of converting the balance of their annuity payments into a lump sum distribution. Because the named plaintiffs and annuitants' respective injuries and forms of remedy are qualitatively different, the named plaintiffs lack standing to press claims on the annuitants' behalf.[2] We conclude that the annuitants are not proper members of the Lump Sum Class.

We now turn to the class certification requirements under Rule 23, Fed.R.Civ.P. with respect to the remaining Lump Sum Class members and the Restricted Participant Class.

### III.

Before we may certify a class, plaintiffs must satisfy the requirements of both Rule 23(a) and (b), Fed.R.Civ.P. Under Rule 23(a),

---

**2.** Avnet also argues that the annuitants cannot satisfy the typicality and adequacy requirements of Rule 23(a)(3) and (4), Fed.R.Civ.P. Although a question exists as to whether this issue is appropriately considered under an Article III standing or Rule 23(a) (4) adequacy of representation analysis, *see Gratz v. Bollinger,* 539 U.S. 244, 263

& n. 15, 123 S.Ct. 2411, 2423 & n. 15, 156 L.Ed.2d 257 (2003), we conclude that plaintiffs fail to satisfy either test. Because the named plaintiffs' injury and remedy are qualitatively different from that of the annuitants, the named plaintiffs are not adequate representatives of the annuitants' claim.

plaintiffs must establish (1) numerosity of the parties; (2) commonality of legal and factual issues; (3) typicality of claims and defenses between the class representatives and the class; and (4) adequacy of representation. Plaintiffs must then show that the proposed class action fits within one of the four kinds of class actions permitted under Rule 23(b). When a class is divided into subclasses, each subclass must independently meet Rule 23 certification requirements. *Betts v. Reliable Collection Agency,* 659 F.2d 1000, 1005 (9th Cir.1981).

## A. Rule 23(a)

■ There is no dispute that plaintiffs satisfy the numerosity requirement of Rule 23(a). The Lump Sum Class is alleged to include some 3,500 members and the Restricted Participant Class has approximately 1,500 members. These classes are sufficiently numerous to make joinder impracticable. *See* Fed.R.Civ.P. 23(a)(1).

■ A class has sufficient commonality if "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The commonality factor is construed permissively and is satisfied in this case. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998). Both the Lump Sum and Restricted Participant classes seek a declaration that Avnet used an unlawful methodology to calculate their pre-retirement lump sum benefits. This alleged unlawful calculation resulted in an underpayment of benefits in the case of the Lump Sum Class, and precluded members of the Restricted Participant Class from receiving lump sum payments. These proposed classes have sufficient commonality of questions of law and fact to satisfy Rule 23(a)(2).

Under the "typicality" prong of Rule 23(a)(3), plaintiffs must establish that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The "adequacy" prong of Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." The "typicality" and "adequacy" requirements "tend to merge" in that both tests "serve as guideposts for determining whether ... the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Tel. Co. v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982). Plaintiffs contend that both tests are met with respect to the Lump Sum and Restricted Participant classes because the representative plaintiffs' claims are identical to those of their respective classes.

### 1. Lump Sum Class

■ Avnet argues that the Lump Sum Class fails to meet the typicality and adequacy tests because it intends to raise a statute of limitations defense and presumes that class members will respond with equitable tolling defenses. Avnet contends that individual issues, such as knowledge and reliance, will predominate the class members' equitable tolling defenses, thereby defeating the typicality and adequacy requirements of Rule 23(a). *Response* at 9–10.

Plaintiffs aver, however, that they "do not intend to raise any individualized tolling 'defenses' in response to Defendants' limitations defense." *Reply* at 2. Instead, it appears that their opposition to a statute of limitations defense will center on the choice of the relevant state statute of limitations and the appropriate accrual date. Although we are without the benefit of full briefing on the issues, it appears that these issues raise questions of classwide, not individualized, applicability. *Id.* Therefore, Avnet's presumed statute of limitations defense will not defeat plaintiffs' otherwise sufficient typicality and adequacy showings.

### 2. Restricted Participant Class

Avnet raises no Rule 23(a) objection to certification of the Restricted Participant Class other than to suggest that plaintiffs' motion is premature pending our resolution of its motion to dismiss the class (doc. 66). We subsequently denied that motion (doc. 104), rendering moot Avnet's only Rule 23(a) objection to certification of the Restricted Participant Class.

### B. Rule 23(b)

Plaintiffs must not only satisfy the four requirements under Rule 23(a), but they

must also show that their proposed class action fits within one of the four kinds of class actions listed in Rule 23(b).

■ Plaintiffs argue that Rule 23(b)(1)(A) certification is appropriate because multiple actions would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed.R.Civ.P. 23(b)(1)(A). Rule 23(b)(1)(A) applies to "cases where the party is obliged by law to treat the members of the class alike." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). ERISA plans generally require that all similarly situated participants be treated consistently. Therefore, a violation of ERISA with respect to one participant generally establishes a violation with respect to all similarly situated participants.

■ Plaintiffs also allege that certification is appropriate under Rule 23(b)(2), which applies to cases where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2). It is undisputed that Avnet's challenged conduct—unlawfully calculating the lump sum benefit—is generally applicable to all members of the proposed classes, and all members of the proposed classes seek a declaration that Avnet's method of computing their lump sum benefit is unlawful. This common application of injury and relief sought support certification under Rule 23(b)(2).

■ Avnet argues, however, that the Lump Sum Class is not eligible for certification under either Rule 23(b)(1)(A) or 23(b)(2) because it seeks monetary, as well as injunctive and declaratory, relief. *See Response* at 4–5. It does not challenge certification of the Restricted Participant Class, however, which seeks only declaratory and injunctive relief. We conclude that plaintiffs have sufficiently established that class certification of the Restricted Participant Class is appropriate under either Rule 23(b)(1)(A) or 23(b)(2).

Rule 23(b) (2) certification is "not limited to actions requesting only injunctive or declaratory relief, but may include cases that also seek monetary damages," provided that that the claim for monetary damages is "secondary to the primary claim for injunctive or declaratory relief." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir.2003). "[T]he predominance test turns on the *primary goal* of the litigation." *Dukes v. Wal–Mart, Inc.*, 509 F.3d 1168, 1186 (9th Cir.2007) (emphasis in original). In assessing plaintiffs' intent in bringing the action, we must consider whether "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits." *Molski*, 318 F.3d at 950 n. 15.

The Lump Sum Class seeks more than just a declaration that its members' benefits were incorrectly calculated. Instead, the Class members' primary goal is monetary relief in the form of payment of the balance of their lump sum benefit. Individual calculations will be required to determine the amount of damages for each class member. Unlike the case of employment discrimination, it is unlikely that reasonable plaintiffs would bring this action solely to obtain a declaration that Avnet miscalculated their benefits, without the prospect of receiving the underpayment. *See, Dukes*, 509 F.3d at 1187–88. Therefore, class certification of the Lump Sum Class under Rule 23(b)(1)(A) or (b)(2) is not appropriate.

■ Certification of the Lump Sum Class is appropriate, however, under Rule 23(b)(3). There is no question that the issues of law and fact common to class members predominate over any issues affecting only individual members, and that a class action is superior to other methods for fairly and efficiently adjudicating this controversy. *See* Fed. R.Civ.P. 23(b)(3). There are no issues that are specific to class members other than calculation of individual members' damages in the event they prevail on the merits of their claim.

## IV. Conclusion

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiffs' motion for class certification (doc. 88). Specifically, pursuant to Rule 23(b)(3), the Lump Sum Class is certified consisting of:

All persons for whom the Plan maintained an account at any time after 12/31/93 and who received a lump sum distribution from the Plan between 1/1/94 and 8/17/06.

Pursuant to Rule 23(b)(1)(A) or (b)(2), the Restricted Participant Class is certified consisting of:

All persons for whom the Plan maintained an account at any time after 12/31/93 and who between 1/1/94 and 8/17/06 were not offered a lump sum distribution upon termination of their employment because the Plan determined that the present value of their pre–1/1/94 benefit exceeded their Cash Balance Account.

Pursuant to Rule 23(c)(1)(B) and Rule 23(g), the Gottesdiener Law Firm, PLLC, the Blessing Law Firm, and Martin & Bonnett, PLLC, are appointed class counsel.

The motion for certification is denied with respect to Lump Sum Class members who elected annuities and to the Unrestricted Participant Class.